UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY LANDER  (#484541)

VERSUS                                                                    CIVIL ACTION

CAPT. SPANGIER, ET AL                                      NUMBER 08-243-FJP-DLD

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
  In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on February 3, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY LANDER  (#484541)

VERSUS                                                                     CIVIL ACTION

CAPT. SPANGIER, ET AL                                    NUMBER 08-243-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment.  Record document number 23.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc,  Warden Steve Rader, Warden James Steven, Capt. Michael Spangler[1], Sgt. Leroy Ramsey, Lane Thomas, Maj. Elllis Edmonds and Col.  Paul Payne.  Plaintiff alleged that he was beaten without provocation in violation of his constitutional rights.

Defendants[2] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Michael Spangler, James LeBlanc, James Stevens, Steve Rader, Leroy Ramsey and Cherryl Taylor, a copy of a February 4, 2008 Accident & Incident Report, copies of the plaintiff's medical records, a copy of Department Regulation No. C-02-

---

[1] Spangler was identified as Michael Spangier in the caption of the complaint.

[2] Lane Thomas, Maj. Elllis Edmonds and Col.  Paul Payne were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

006, and the results of Administrative Remedy Procedure (hereinafter ARP) DCI-2008-50.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that while fully restrained, he was ordered by Capt. Spangler to respond "yes sir" to him. Plaintiff alleged that he refused to comply with the order and Capt. Spangler slapped him and pushed his head against a wall. Plaintiff alleged that he sustained a cut over his eye which bled profusely. Plaintiff alleged that he was denied prompt medical attention following the incident.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

The summary judgment evidence showed that on February 4, 2008, at approximately 8:20 p.m., the plaintiff was ordered to kneel on the floor of his cell while his restraints were being removed.[3] While M/Sgt. Ramsey removed the plaintiff's restraints,

---

[3] Record document number 24, affidavits Capt. Spanger and M/Sgt. Ramsey, exhibits 2 and 6.

2

Capt. Spangler told the plaintiff that he could have no more than three photographs in his cell.[4]  Plaintiff became argumentative and attempted to get up.[5]  Capt. Spangler stepped on the restraints and pushed down on the plaintiff's shoulder.[6]  In the process, the plaintiff struck his head against the wall sustaining a one inch cut over his eye.[7]

The summary judgment evidence showed that the plaintiff failed to comply with orders to remain kneeling while his restraints were being removed.  The summary judgment evidence showed that Capt. Spangler used a minimum amount of force necessary to regain control of the plaintiff.   Defendants are entitled to summary judgment on the plaintiff's excessive force claim as a matter of law.

Plaintiff alleged that he was denied prompt medical attention following the incident in violation of his Eighth Amendment rights.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.*

Plaintiff's medical records showed that the plaintiff was examined by medical

---

[4] *Id.*

[5]  *Id.*

[6] *Id.*

[7] *Id.*

personnel less that two hours following the incident.[8]  The wound was cleaned, a band-aid was applied, and the plaintiff was given an ice pack and Tylenol for pain.[9]

There is no evidence that defendants were deliberately indifferent to the plaintiff's serious medical needs.  Defendants are entitled to summary judgment as a matter of law on the plaintiff's medical indifference claim.

Plaintiff named Secretary LeBlanc, Warden Stevens and Warden Rader as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that Secretary LeBlanc, Warden Stevens and Warden Rader are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff has neither opposed the evidence offered by the defendants nor submitted any fact showing that there is an issue for trial.  It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

---

[8] Defendants' exhibit 7.

[9] *Id.*

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed. It is further recommended that the claims against Lane Thomas, Ellis Edmonds and Paul Payne be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.[10]

Signed in Baton Rouge, Louisiana, on February 3, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[10] Although the claims against these defendants would be prescribed if brought in a new civil action, this does not bar a Rule 4(m) dismissal without prejudice. *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir. 1985)(applying former Rule 4(j), concluding "It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact ..."); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993)(applying former Rule 4(j)); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990)(same); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990)(same); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985)(same); contra *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). *Millan* is unpersuasive because it did not distinguish or even cite the earlier cases which uniformly held that a dismissal without prejudice for failure to timely serve the defendant was not prohibited although a re-filed claim would be untimely. It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by the appellate court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999); *Burlington N.R.R. v. Bhd. of Maint. of Way Employees*, 961 F.2d 86, 89 (5th Cir. 1992).

Furthermore, since being placed on notice that the summons was returned unexecuted as to these defendants on August 8, 2008, the plaintiff did not come forward with anything which would constitute good cause to extend the time to serve them.