UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JEFFREY LANDER (#484541)

VERSUS                                              CIVIL ACTION

CAPT. SPANGIER, ET AL                               NUMBER 08-243-FJP-DLD

O P I N I O N


After independently reviewing the entire record in this case and for reasons set forth in the Magistrate Judge's Report to which no objection was filed:

IT IS ORDERED that the defendants' motion for summary judgment shall be granted and this action shall be dismissed.

IT IS FURTHER ORDERED that the claims against Lane Thomas, Ellis Edmonds and Paul Payne shall be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.[1]

---

[1] Although the claims against these defendants would be prescribed if brought in a new civil action, this does not bar a Rule 4(m) dismissal without prejudice. Norlock v. City of Garland, 768 F.2d 654, 658 (5th Cir. 1985)(applying former Rule 4(j), concluding "It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact ..."); Peters v. United States, 9 F.3d 344 (5th Cir. 1993)(applying former Rule 4(j)); Traina v. United States, 911 F.2d 1155 (5th Cir. 1990)(same); McDonald v. United States, 898 F.2d 466 (5th Cir. 1990)(same); Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304 (5th Cir. 1985)(same); contra Millan v. USAA General Indem. Co., 546 F.3d 321 (5th Cir. 2008). Millan is unpersuasive because it did not distinguish or even cite the earlier cases which uniformly held that a dismissal without prejudice for failure to timely serve the defendant was not prohibited although a re-filed claim would be untimely. It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by the appellate court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision. Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999); Burlington N.R.R. v. Bhd. of Maint. of Way
(continued...)

Doc#45843

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, February 19, 2009.

                                            FRANK J. POLOZOLA
                                      MIDDLE DISTRICT OF LOUISIANA

---

[1](...continued)
Employees, 961 F.2d 86, 89 (5th Cir. 1992).
    Furthermore, since being placed on notice that the summons was returned unexecuted as to these defendants on August 8, 2008, the plaintiff did not come forward with anything which would constitute good cause to extend the time to serve them.

Doc#45843